IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**CHARLOTTE MOORE**                                                           **PLAINTIFF**

VS.                                             CIVIL ACTION NO. 3:12-cv-00672-CWR-FKB

**DOLGENCORP, LLC;**
**COCA-COLA REFRESHMENTS USA, INC.;**
**COCA-COLA ENTERPRISES, INC.; AND**
**JOHN DOE CORPORATIONS 1-5**                                                 **DEFENDANTS**

**DOLGENCORP, LLC**                                                           **CROSS-CLAIMANT**

VS.

**COCA-COLA REFRESHMENTS USA, INC. AND**
**COCA-COLA ENTERPRISES, INC.**                                               **CROSS-DEFENDANTS**

---

**ANSWER AND DEFENSES OF DEFENDANT COCA-COLA REFRESHMENTS USA, INC. F/K/A COCA-COLA ENTERPRISES INC. TO DEFENDANT DOLGENCORP, LLC'S CROSSCLAIMS**

---

COMES NOW Defendant/Cross-Defendant Coca-Cola Refreshments USA, Inc. f/k/a Coca-Cola Enterprises Inc. ("CCR"), by and through counsel, and files this its Answer and Defenses to the Crossclaims filed against it herein by Defendant/Cross-Claimant Dolgencorp, LLC ("Dollar General"), as follows, to-wit:

**FIRST DEFENSE**

Dollar General's Crossclaims fail to state a claim against CCR upon which relief may be granted, and CCR moves for dismissal.

1

## SECOND DEFENSE

AND NOW, without waiving the above and foregoing defense, and responding to Dollar General's Crossclaims paragraph by paragraph, CCR answers and alleges as follows, to-wit:

### Introduction

The allegations contained in the unnumbered paragraph preceding Paragraph 1 and entitled "Introduction" appear to be statements of intent, and as such require no response from CCR. If, however, CCR is mistaken in its belief, and the allegations contained in the unnumbered paragraph preceding Paragraph 1 and entitled "Introduction" are intended to or do adversely affect it, the CCR denies all such allegations.

### Parties, Jurisdiction, and Venue

1. CCR is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 1 of Dollar General's Crossclaims and therefore denies the same.

2. Except to state by way of clarification that Coca-Cola Refreshments USA, Inc., is the successor corporation of Coca-Cola Enterprises Inc. (no comma between "Enterprises" and "Inc."), which is no longer in existence as such, CCR admits the allegations contained in Paragraph 2 of Dollar General's Crossclaims.

3. Except to state that subject matter jurisdiction is proper in the United States District Court and to further state that venue is proper in the Southern District of Mississippi, Jackson Division, CCR denies the allegations contained in Paragraph 3 of Dollar General's Crossclaims and specifically denies that CCR is liable to Dollar General for the claims asserted in Plaintiff's original action against Dollar General.

## Facts

4. Except to state that on or about December 9, 2008, Coca-Cola Enterprises Inc. and Dollar General entered into a "Beverage Agreement," the terms and contents of which speak for themselves, CCR denies the allegations contained in Paragraph 4 of Dollar General's Crossclaims.[1]

5. Except to state that the terms and contents of the "Beverage Agreement," as amended by the "First Amendment" and "Second Amendment," speak for themselves, CCR denies the allegations contained in Paragraph 5 of Dollar General's Crossclaims.

6. Except to state that the terms and contents of the "Beverage Agreement" speak for themselves, CCR denies the allegations contained in Paragraph 6 of Dollar General's Crossclaims.

7. Admitted.

8. Except to state that the terms and contents of the "First Amendment" and "Second Amendment" speak for themselves, CCR denies the allegations contained in Paragraph 8 of Dollar General's Crossclaims.

9. Except to state that the terms and contents of the "Beverage Agreement," as amended by the "First Amendment" and "Second Amendment," speak for themselves, and to further state that the allegations of Plaintiff's Amended Complaint speak for themselves, CCR denies the allegations contained in Paragraph 9 of Dollar General's Crossclaims.

---

[1] CCR admits that the "Beverage Agreement" referenced in note 1 of Dollar General's Crossclaims may contain confidential or proprietary information and further admits that a copy of the "Beverage Agreement" was not attached to Dollar General's Crossclaims. The remaining allegations contained in note 1 of Dollar General's Crossclaims appear to be statements of intent and as such require no response from CCR. If, however, CCR is mistaken in its belief, and the remaining allegations contained in note 1 of Dollar General's Crossclaims are intended to or do adversely affect it, then CCR denies all such allegations.

10. Except to state that the allegations of Plaintiff's Amended Complaint speak for themselves, CCR is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 10 of Dollar General's Crossclaims and therefore denies the same.

11. CCR admits that on an occasion prior to the date of Plaintiff's alleged incident, CCR received a report of water leaking from a cooler in the subject store. CCR further admits that in response to that report, a CCR employee came to the subject store, performed maintenance on the cooler about which that report was made, and remedied the reported problem. CCR is without knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 11 of Dollar General's Crossclaims and therefore denies the same.

12. CCR is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 12 of Dollar General's Crossclaims and therefore denies the same.

13. CCR admits that after Plaintiff's alleged incident, report was made to CCR that a cooler was leaking in the subject store. CCR further admits that in response to that report, a CCR employee came to the subject store, performed maintenance on the cooler about which that report was made, and remedied the reported problem.

### Crossclaims for Contractual and Common-Law Indemnity and Other Relief

14. Except to state that the terms and contents of the "Beverage Agreement," as amended by the "First Amendment" and "Second Amendment," speak for themselves, CCR denies the allegations contained in Paragraph 14 of Dollar General's Crossclaims and

specifically denies that CCR agreed to defend, indemnify, and/or hold harmless Dollar General from and against Plaintiff's claims in this lawsuit.

15. Except to state that the allegations of Plaintiff's Amended Complaint speak for themselves and that the law, where applicable, will speak for itself, and except to specifically deny that CCR is responsible or liable for Plaintiff's alleged damages, CCR is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 15 of Dollar General's Crossclaims and therefore denies the same.

16. CCR is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 16 of Dollar General's Crossclaims and therefore denies the same.

17. Except to state that the law, where applicable, will speak for itself, CCR denies the allegations contained in Paragraph 17 of Dollar General's Crossclaims and specifically denies that Dollar General is entitled to be indemnified and held harmless by CCR.

18. CCR likewise denies that Plaintiff incurred any injuries or damages by any Defendant on the premises at issue. Except to state that the law, where applicable, will speak for itself, CCR denies the remaining allegations contained in Paragraph 18 and Sub-paragraphs a. through e. of Paragraph 18 of Dollar General's Crossclaims and specifically denies any negligence or wrongdoing on the part of CCR and further specifically denies that Dollar General is entitled to reimbursement, indemnity, attorneys' fees, costs, expenses, and/or contribution from CCR.

### Conclusion

CCR denies the allegations contained in the unnumbered paragraph following Paragraph 18, entitled "Conclusion" and commencing "Therefore," and CCR denies that Dollar General is

entitled to a judgment, damages, indemnity, reimbursement, attorneys' fees, costs, expenses, interest, contribution, or to any sum or relief whatsoever of, from, or against CCR herein.

### THIRD DEFENSE

CCR denies each and every allegation contained in Dollar General's Crossclaims by which Dollar General seeks to impose liability upon CCR, and CCR denies that it or its employees and/or agents have been guilty of any actionable conduct in the premises.

### FOURTH DEFENSE

CCR adopts and incorporates by reference, as if fully and completely set forth herein, all defenses and affirmative defenses set forth in its *Separate Answer and Defenses of Defendant Coca-Cola Refreshments USA, Inc. f/k/a Coca-Cola Enterprises Inc. to Plaintiff's Amended Complaint*, filed previously.

### FIFTH DEFENSE

CCR alleges the affirmative defenses of mandatory mediation and arbitration in bar of Dollar General's Crossclaims and hereby moves to compel mediation and, as may become necessary, arbitration.

### SIXTH DEFENSE

CCR alleges that, pursuant to the terms of the "Beverage Agreement," Dollar General's Crossclaim for contractual indemnity is governed by Tennessee law, and CCR affirmatively pleads all applicable provisions and protections of Tennessee law in bar of Dollar General's Crossclaim for contractual indemnity.

## SEVENTH DEFENSE

CCR alleges that the indemnification provision contained in the "Beverage Agreement" has and can have no application pursuant to the governing law given the facts alleged in Plaintiff's Amended Complaint.

## EIGHTH DEFENSE

CCR alleges Dollar General's active and/or concurrent negligence in bar of Dollar General's Crossclaims.

## NINTH DEFENSE

CCR alleges that Dollar General's Crossclaim for contractual indemnity may be barred by a failure of consideration.

## TENTH DEFENSE

CCR alleges a lack of notice in bar of Dollar General's Crossclaims.

## ELEVENTH DEFENSE

CCR alleges that it has and can have no liability to defend or indemnify Dollar General for Dollar General's own negligence herein.

## TWELFTH DEFENSE

CCR alleges that the injuries and/or damages alleged by Plaintiff resulted, if at all, from the acts or omissions of others, potentially including Dollar General, and/or from causes, conditions, or occurrences for which CCR is not liable or responsible.

## THIRTEENTH DEFENSE

CCR alleges that it has and can have no liability to indemnify Dollar General for Dollar General's costs and attorneys' fees incurred in pursuing its instant Crossclaims.

## FOURTEENTH DEFENSE

CCR invokes all rights and protections afforded to it under the Uniform Commercial Code in bar of Dollar General's Crossclaims.

## FIFTEENTH DEFENSE

CCR alleges that Dollar General may have failed to mitigate its damages, if any.

## SIXTEENTH DEFENSE

CCR reserves the right to amend its answer and defenses to Dollar General's Crossclaims and/or to institute third-party actions as additional facts are developed during discovery. CCR does not waive and further reserves any and all affirmative defenses set forth in the Mississippi Code and/or Mississippi case law, and, where applicable, Tennessee law, including but not limited to those set forth in Rule 8(c), *Federal Rules of Civil Procedure*, or any other matter constituting an avoidance or affirmative defense as discovery may reveal to be applicable.

THIS the 8th day of May, 2013.

    Respectfully submitted,

    COCA-COLA REFRESHMENTS USA, INC.
    F/K/A COCA-COLA ENTERPRISES INC.,
    DEFENDANT

    BY: s/Rex M. Shannon III
        GAYE NELL CURRIE (MSB #9616)
        VIRGINIA S. GAUTIER (MSB #10334)
        REX M. SHANNON III (MSB #102974)

OF COUNSEL:

WISE CARTER CHILD & CARAWAY, P.A.
600 HERITAGE BUILDING
401 EAST CAPITOL STREET
POST OFFICE BOX 651
JACKSON, MISSISSIPPI 39205-0651

TEL:  (601) 968-5500
FAX:  (601) 944-7738
gnc@wisecarter.com
vsg@wisecarter.com
rms@wisecarter.com

ATTORNEYS FOR DEFENDANT COCA-COLA REFRESHMENTS USA, INC. F/K/A COCA-COLA ENTERPRISES INC.

## CERTIFICATE OF SERVICE

I, Rex M. Shannon III, one of the attorneys for Defendant Coca-Cola Refreshments USA, Inc. f/k/a Coca-Cola Enterprises Inc. do hereby certify that I have this date caused to be served, via electronic filing system, a true and correct copy of the above and foregoing to the following and to those persons registered as CM/ECF participants:

Gary D. Thrash
John N. Satcher, II
SINGLETARY & THRASH, P.A.
Post Office Box 587
Jackson, Mississippi  39205-0587

ATTORNEYS FOR PLAINTIFF

Dale G. Russell
Blake D. Smith
COPELAND COOK TAYLOR & BUSH, P.A.
Post Office Box 6020
Ridgeland, Mississippi  39158

ATTORNEYS FOR DEFENDANT DOLLAR GENERAL CORPORATION

THIS the 8th day of May, 2013.

                                                         s/Rex M. Shannon III
                                                        REX M. SHANNON III